IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LUCAS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | 1: 12-CV-12 (WLS) |
| STATE OF GEORGIA, | : | |
| BRIAN OWENS, | : | |
| CEDRIC TAYLOR, | : | |
| ANGELA WILLIAMS, and | : | |
| GEORGIA DEP'T. OF CORRECTIONS, | : | |
| | : | |
| Defendants.[1] | : | |

## ORDER and RECOMMENDATION

Presently pending in this action brought in part pursuant to 42 U.S.C. § 1983 are a Motion to Dismiss filed on behalf of Defendants State of Georgia, Brian Owens, Cedric Taylor, and Angela Williams, and various motions filed by the Plaintiff. (Docs. 20, 14, 15, 16, 26, 27, 28). The Court notified the Plaintiff of the filing of the Defendants' Motion to Dismiss and directed him to respond thereto within thirty (30) days of the Court's order. (Doc. 25).

Plaintiff filed this action in January 2012, raising allegations regarding the conditions of his confinement at Autry State Prison as they relate to Plaintiff's alleged physical disabilities resulting from degenerative osteoarthritis of the knees. (Doc. 1). Plaintiff maintains that the facilities at Autry State Prison were not designed or equipped to accommodate his disability, causing him to live in unsafe conditions and denying him benefits enjoyed by non-disabled prisoners. *Id.*

---

[1] By means of an Amended Complaint filed on February 24, 2012 (Doc. 12), the Plaintiff added the Georgia Department of Corrections as a Defendant herein. Inasmuch as this amendment was arguably filed within twenty-one (21) days of the filing of the original Complaint, the Court has no discretion to deny this amendment, and the Complaint is deemed to be amended as of the date the Amended Complaint was filed. Fed. R. Civ. P. 15(a)(1)(A); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002); *Jemison v. Wise*, 2010 WL 2929692, p.3 (11th Cir. July 28, 2010).

*Motion to Dismiss*

Defendants State of Georgia, Brian Owens, Cedric Taylor, and Angela Williams have filed a Motion to Dismiss, asserting in part that the Plaintiff knowingly provided the Court with erroneous information regarding his past legal filings and lawsuits, and therefore abused the process of this Court.   (Doc. 20).

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level"   *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570). The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009).   Although the Court must accept as true all of the factual allegations in the Complaint, this standard does not apply to legal conclusions in the Complaint.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The Defendants direct the Court's attention to the Plaintiff's initial Complaint, and point

out that in filing his initial Complaint with this Court on January 31, 2012, the Plaintiff failed to disclose all of his previously filed lawsuits, thereby abusing the judicial process.  In his initial Complaint, Plaintiff listed only three lawsuits in response to the following questions:

> 4.  Other than the appeal of your conviction or sentence, have you ever submitted a lawsuit for filing in <u>any</u> federal or state court dealing with the <u>SAME FACTS</u> involved in this lawsuit or otherwise related to your imprisonment?
>
> 5.  If your answer to question 4 is "Yes," list that lawsuit below [providing specific information as requested].

(Doc. 1, p. 2)(emphasis in original).

The Defendants assert that the Plaintiff had, in fact, at the time he filed this lawsuit, already filed a total of nine (9) previous lawsuits dealing with the same facts involved in this lawsuit or related to his imprisonment.  (Doc. 20).  Thus, the Defendants maintain, the Plaintiff failed to disclose prior litigation when he filed this lawsuit and submitted false testimony in listing only three (3) prior lawsuits in response to the complaint form question, thereby abusing the judicial process.

In response to the Defendants' contentions, the Plaintiff does not dispute that he brought the other lawsuits identified by the Defendants, but asserts that he did not list all of his prior lawsuits because he could not remember all of them.  (Docs. 29, 31).  Plaintiff also asserts that of the nine (9) total lawsuits, two (2) are the same case, dismissed and refiled with the aid of a fellow prisoner.  Furthermore, the Plaintiff maintains that he does not have adequate storage space in prison to store all of the information regarding his past litigation, and that the State maintains copies of all needed information, alleviating him of any duty to present the requested information to the Court.  *Id.*  Finally, the Plaintiff contends that he was not aware that the two (2) cases of the

nine (9) which are habeas actions were to be included for three strikes consideration. *Id.*

The Court notes that by virtue of the Order providing notice of Defendants=Motion to Dismiss, the Plaintiff has been provided with notice and a reasonable opportunity to respond to Defendants=contentions. *See Hood v. Tompkins*, 197 Fed.Appx. 818, 819 (11th Cir. 2006) (plaintiff=s opportunity to file objections to Magistrate Judge=s report satisfied notice requirement). The Plaintiff has, in fact, responded to the charge that his Complaint should be dismissed for failing to disclose prior lawsuits. (Docs. 29, 31). Based on the evidence available to the Court, the Court takes judicial notice of the following cases filed by the Plaintiff in the Southern and Northern Districts of Georgia but which he failed to disclose in this lawsuit:

*Lucas v. Georgia Correctional Health Care, et al.,* 1: 04-CV-81 (S.D.Ga.)

*Lucas v. Gaither, et al.,* 6 : 98-CV-85 (S.D.Ga.)

*Lucas v. Gaither, et al.,* 6 : 97-CV-124 (S.D.Ga.)

*Lucas v. Brinson*, 4 : 96-CV-84 (S.D.Ga.)

*Lucas v. Brinson*, 1 : 96-CV-70 (S.D.Ga.)

*Lucas v. Donald*, 1 : 06-CV-671 (N.D.Ga.)

In *Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998) *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Eleventh Circuit specifically upheld a dismissal based on abuse of process, wherein the inmate plaintiff had failed to fully disclose all prior litigation on his civil complaint form. Additionally, in *Hood*, 197 Fed.Appx. at 819, the Court upheld a sanction of dismissal based on a prisoner plaintiff=s failure to disclose prior lawsuits, finding the relevant complaint form question unambiguous in requiring the disclosure of other lawsuits filed in federal court. The Court=s discretion to dismiss a case without prejudice pursuant to 1915(e)(2)(B)(i) has

been exerted and upheld on multiple occasions. *See Shelton v. Rohrs*, 2010 WL 5122580 (11th Cir. Dec. 15, 2010) (affirming the dismissal of suit without prejudice pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation); *Young v. Sec'y. Florida for Dep't. of Corrections*, 380 Fed.Appx. 939 (11th Cir. 2010) (affirming dismissal of civil rights case pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation); *Camp v. Oliver*, 798 F.2d 434 (11th Cir. 1986) (noting that court had discretion to dismiss suit without prejudice under 28 U.S.C. § 1915 based on a false allegation of poverty); *Wells v. McNiff*, 2010 WL 3927773 (M.D.Ga. Oct. 4, 2010)(CDL) (dismissing complaint as frivolous under 1915(e)(2)(B)(i)); *Pickett v. Yu*, 2006 WL 3694645 (N.D.Fla. Dec. 13, 2006) (dismissal of complaint pursuant to 1915(e)(2)(B)(i) as an abuse of process based on plaintiff's failure to disclose prior litigation); *Tucker v. Santa Rosa County Sheriff's Dep't.*, 2007 WL 1245899 (N.D.Fla. April 25, 2007) (upholding dismissal of complaint pursuant to 1915(e)(2)(B)(i) as an abuse of judicial process); *Williamson v. Hamelton*, 2007 WL 1746916 (N.D.Fla. June 15, 2007) (dismissal pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation).

In *Redmon v. Lake County Sheriff's Office, et al.,* 414 Fed.Appx. 221 (11th Cir. 2011), the Eleventh Circuit provided additional directives regarding cases involving abuse of judicial process. In *Redmon*, the lower court had determined that the plaintiff's false response to a complaint form question was an abuse of judicial process and that dismissal of his suit without prejudice was a proper sanction therefore. *Id.* at 222. The Eleventh Circuit found that "a district court may impose sanctions if a party knowingly files a pleading that contains false contentions", and that "[a]lthough pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's pro se status will not excuse mistakes regarding procedural rules." *Id.* at

225-26.

The Eleventh Circuit affirmed the district court=s dismissal of plaintiff=s complaint, finding that:

> [a]fter review of the record and consideration of Plaintiff=s brief, we find no abuse of discretion.   Plaintiff failed to disclose the lawsuit he filed in Colorado district court, in which he brought claims relating to the conditions of his imprisonment in a Colorado jail and which he filed prior to the Amended Complaint. . . . The district court did not abuse its discretion in concluding that Plaintiff=s explanation for his failure to disclose the Colorado lawsuit - that he misunderstood the form - did not excuse the misrepresentation and that dismissal without prejudice was a proper sanction.   The complaint form clearly asked Plaintiff to disclose previously filed lawsuits he had filed not only with similar facts to the instant case, but also lawsuits otherwise relating to his imprisonment or conditions of his imprisonment.   The district court was entitled to conclude that Plaintiff had abused the judicial process when he failed to do so.

*Id.* at 226.

The complaint form questions at issue in the *Redmon* case are virtually identical to the complaint form question at issue herein, and asked:

> Have you initiated other lawsuits in state [or federal] court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?

*Id.*

Although the Plaintiff herein contends in part in his response to Defendants= Motion to Dismiss that he misunderstood the question regarding prior lawsuits as it pertained to the action that was dismissed and refiled, the Eleventh Circuit ruled in *Redmon* that this substantively identical question as posed, Aclearly asked Plaintiff to disclose previously filed lawsuits . . . otherwise relating to his imprisonment@ and that an explanation of misunderstanding the form Adid

6

not excuse the misrepresentation@in responding falsely thereto.  *Id.*

Neither the Plaintiff's alleged lack of storage space in the prison environment nor the fact that he was aided by a fellow prisoner in filing certain of the lawsuits provides an adequate explanation for Plaintiff's misrepresentations to the Court.  *See Young*, 380 Fed.Appx. at 941 (prisoner's allegations that prison rules prevented possession of excess legal materials "did not absolve him of the requirement of disclosing, at a minimum, all of the information that was known to him); *Pinson v. Grimes*, 391 Fed.Appx. 797, 799 (11th Cir. 2010) (even without access to his legal materials, prisoner would have known of his previous legal filings); *Copeland v. Morales*, 2011 WL 7097642 (S.D.Ga. Dec. 19, 2011) (fact that another inmate helped prisoner in filing his previous case does not excuse prisoner's failure to disclose the case).   Plaintiff herein clearly remembers the details of the lawsuit filed twice, and the circumstances of its dismissal and refiling, and should have included both suits in his list of previous litigation.

In this regard, to the extent that the Plaintiff maintains he could not remember all of his previously filed lawsuits, the Court finds Plaintiff's assertion of memory loss unpersuasive.  "Even if he could not recall the details of his prior suits, he certainly would have remembered initiating some sort of legal proceedings during his incarceration [other than those listed] and he was obligated to disclose that fact on his form complaint."  *Dunson v. Georgia Dep't. of Correctional Health Care Serv.*, 2009 WL 136060 (S.D.Ga. Jan. 20, 2009).    Nor is there any authority for the position that because the State was in possession of the information requested, the State and not the Plaintiff was obligated to disclose information regarding Plaintiff's prior lawsuits.  The Court is entitled to rely on Plaintiff's statements in his Complaint, and to rely on their veracity.  *Redmon*, 414 Fed.Appx. at 226.  "The court will not tolerate false responses or

7

statements in any pleading or motion filed before it . . . If plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the [complaint] form." *Tucker v. Santa Rosa County Sheriff's Dep't.*, 2007 WL 1246021 (N.D.Fla. April 13, 2007).

Finally, Plaintiff's contention that he was unaware that his habeas cases were relevant to the issue of "three strikes" is irrelevant to the consideration of the complaint form questions regarding prior litigation. The questions on the complaint form are not limited to lawsuits which might count as a strike, but broadly ask for the listing of each lawsuit previously filed by the Plaintiff, other than the appeal of his conviction, but involving the same facts or "otherwise related to [his] imprisonment". *Pinson*, 391 Fed.Appx. at 799 (dismissal based on failure to disclose prior lawsuits, including habeas actions); *Tucker*, 2007 WL 1245899 (upholding dismissal based on failure to disclose prior lawsuits, including habeas actions).

It is within this Court's discretion to find that Plaintiff's Complaint should be dismissed without prejudice due to Plaintiff's abuse of the judicial process. *Young,* 380 Fed.Appx at 941 ("the district court did not abuse its discretion when it sanctioned Young for failing to disclose his prior cases"). Based on the Plaintiff's misrepresentation regarding prior lawsuits in his initial Complaint, and Plaintiff's failure to disclose all of his prior lawsuits, it is the finding of the undersigned that Plaintiff has abused the judicial process herein. Accordingly, it is the recommendation of the undersigned that the Plaintiff's Complaint be **DISMISSED** as to all named Defendants without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN

FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Remaining motions*

In light of the Court's Recommendation that this matter be dismissed based on Plaintiff's abuse of the judicial process, Plaintiff's remaining pending motions are hereby **DENIED** as moot. (Docs. 14, 15, 16, 26, 27, 28).

**SO ORDERED and RECOMMENDED**, this 5th day of December, 2012.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

asb