IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CHRISTOPHER HUGH LUCAS, | : |
| Plaintiff, | : |
| v. | : Case No. 1:12-cv-12 (WLS) |
| STATE OF GEORGIA, *et al*, | : |
| Defendants. | : |

## ORDER

Before the Court is a Report and Recommendation from U.S. Magistrate Judge Thomas Q. Langstaff, filed December 5, 2012. (Doc. 38). It is recommended that Plaintiff's complaint be dismissed without prejudice for abuse of process. (*Id.* at 8.) The basis for the recommendation is Plaintiff's failure to disclose six cases he filed in federal courts involving the same facts or related to his imprisonment. (*Id.*) In his initial complaint, Plaintiff listed three cases out of his nine previous lawsuits. (*Id.* at 3–4.) Judge Langstaff found unpersuasive Plaintiff's reasons for failing to disclose those lawsuits and recommends dismissal as a sanction for the misrepresentation. (*Id.* at 7.)

The Report and Recommendation provided the Parties with fourteen (14) days[1] from the date of its service to file written objections to the recommendations therein. (*Id.* at 8.) The period for filing objections expired on Monday, December 24, 2012. Plaintiff timely filed his Objection on December 20, 2012. (Doc. 39). Defendants responded on December 27, 2012. (Doc. 40.)

---

[1] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).

In his Objection, Plaintiff claims he did not intentionally misrepresent the number of his previous lawsuits. (Doc. 39 at 1.) As support, he argues he thought the Attorney General's Office would provide a list of his previous lawsuits because it maintains complete records of inmate cases. (*Id.* at 2.) He would never mislead the Court, he claims, because "he viewed it as an unbiased savior that would simply have Defendants comply with its transfer policy, case closed." (*Id.* at 3.) Furthermore, although he lacks precedential support, he hopes to "simply throw[] himself at the 'mercy of the court' and stand[] firm on 'moral law and ethics,' which existed long before state and federal law." (*Id.* at 4.)

As Judge Langstaff already noted, however, "there is [no] authority for the position that because the State was in possession of the information requested, the State and not the Plaintiff was obligated to disclose information regarding Plaintiff's prior lawsuits." (Doc. 38 at 7.) Rather, a wealth of authority in the Eleventh Circuit establishes that an inmate's failure to disclose previous lawsuits in its complaint can amount to an abuse of process. *E.g.*, *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 225–26 (11th Cir. 2011) (per curiam); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (per curiam). Although Courts liberally construe *pro se* pleadings, *pro se* plaintiffs are not excused from procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Plaintiff's explanations for his failure to disclose the lawsuit are unpersuasive. That he may have thought the Court would "simply" require Defendants to order his transfer does not excuse misrepresentations. Furthermore, the fact that Plaintiff allegedly served in the Marine Corps, owned several businesses, and is a "32d degree Mason" is not, *ipso facto*, evidence of honesty, especially when Plaintiff conveniently remembered several of his previous lawsuits that would seemingly not count against the PLRA's three-strike provision, but failed to disclose those that would.

Accordingly, Plaintiff's Objection (Doc. 39) is **OVERRULED**, and U.S. Magistrate Langstaff's December 5, 2012 Report and Recommendation (Doc. 38) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein.  The Court therefore **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint.

**SO ORDERED**, this  8th  day of January 2013.

        /s/ W. Louis Sands
        **THE HONORABLE W. LOUIS SANDS,**
        **UNITED STATES DISTRICT COURT**